IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **LANDMARK ORGANIZATION, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CIVIL ACTION NO. B-05-269** |
| § | |
| **AMERICAN GUARANTEE AND** § | |
| **LIABILITY INSURANCE COMPANY,** § | |
| § | |
| Defendant. § | |

**OPINION & ORDER**

BE IT REMEMBERED that on February 13, 2006, the Court **DENIED** Defendant's Rule 12(b)(6) Motion to Dismiss.  Dkt. No. 14.

Defendant, American Guarantee and Liability Insurance Company, moves to dismiss Landmark Organization, Inc.'s ("Plaintiff") First Amended Complaint.  *Id.* at 1–2. The bases for this motion are (1) that Plaintiff asserted a breach of contract claim, for failure to fulfill the terms of Plaintiff's settlement agreement in the "underlying lawsuit,"[1] before that claim became ripe, and (2) that Plaintiff alleges a breach of contract claim against Defendant for a contract to which Defendant was not a party.  *Id.* at 2.  The Court finds that Plaintiff's claims are not based upon the settlement agreement in the underlying lawsuit, and that Defendant's bases for dismissal must therefore fail.

Plaintiff's First Amended Complaint asserts three interrelated causes of action: an action for declaratory judgment, breach of contract, and an action for attorneys' fees. Dkt. No. 8, at 4–6.  All three of these claims are based on the Defendant's alleged failure to abide by the terms of insurance policy number AUC9303234 00 — the

---

[1] Cameron County v. Landmark Org., L.P., No. 2004-02-1208-G (404th Judicial Dist. Ct., Cameron County, Tex. 2004).

insurance policy that Defendant issued to Plaintiff.  *Id.* at 2–6.  Contrary to Defendant's contention, Plaintiff did not assert any claims based upon the settlement agreement in the underlying case.  Instead, the Court finds that Plaintiff merely referred to the settlement agreement in order to establish the amount of damages and the basis for its allegations against Defendant.  Therefore, Defendant's first basis for its motion fails.

Additionally, Defendant's second basis for its motion also fails for the same reason.  Whether or not Defendant was a party to the settlement agreement,[2] Plaintiff still asserts viable claims based on Defendant's alleged failure to comply with the terms of the insurance policy it issued to Plaintiff.  Therefore, even if Defendant was not a party to the settlement agreement, Defendant may still be liable to Plaintiff for the amounts that the Plaintiff has paid, or will pay, under the settlement agreement.  Thus, Defendant's second basis for its motion also fails, and Defendant's motion must be denied.

Based on the foregoing, the Court **DENIES** Defendant's Rule 12(b)(6) Motion to Dismiss.  Dkt. No. 14.

DONE at Brownsville, Texas, this 13th day of February, 2006.

_____
Hilda G. Tagle
United States District Judge

---

[2] It is not clear from the evidence currently before the Court whether or not Defendant was a party to the settlement agreement by virtue of Defendant's alleged membership in "Zurich North America."  *See, e.g.*, Dkt. No. 8, at 2.