IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 26 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| LANDMARK ORGANIZATION, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-05-269 |
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY AND AMERICAN ZURICH INSURANCE COMPANY, | § § § § § § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on June 26, 2006, the Court **GRANTED** the parties' Joint Motion to Reconsider the Parties' Joint Motion to Extend Expert Deadlines. Dkt. No. 33.

An extension of the deadline for identifying experts and producing their reports constitutes a modification of the Court's scheduling order. Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b) (2005).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking

amendment." (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Absence of prejudice to the non-moving party is not sufficient to establish good cause. *See Alton Crain*, 2005 U.S. Dist. LEXIS at *4; *Jones v. J.C. Penney's Dep't Stores, Inc.*, 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In this case, the parties originally requested an amendment so that they could "continue [their] negotiations without incurring additional expenses." Dkt. No. 29, at 1–2. That motion was denied by the Court. Dkt. No. 31.

The parties now move for reconsideration of that motion, by providing new bases for establishing good cause for an amendment to the scheduling order. The parties aver that "[t]his case involves more than 200,000 documents, numerous fact witnesses, and complex factual and legal issues relating to the underlying action." Dkt. No. 33, at 3. They also state that they "have been diligently reviewing" the documents and interviewing the witnesses. *Id.* at 4. Despite their efforts, however, they have been unable to meet the scheduled deadlines. *Id.*

The Court finds that the parties have been diligent in their efforts to meet the deadlines in this case. The Court therefore concludes that there is good cause for amending the scheduling order.

Based on the foregoing, the Court **GRANTS** the parties' Joint Motion to Reconsider the Parties' Joint Motion to Extend Expert Deadlines. Dkt. No. 33. An amended scheduling order will be issued separately from this Opinion & Order.

DONE at Brownsville, Texas, this 26th day of June, 2006.

_____
Hilda G. Tagle
United States District Judge